

# CT Corporation

**Service of Process Transmittal**
02/16/2012
CT Log Number 519996627

**TO:** Craig Rosenthal, Vice-President & General Counsel
Suddenlink Communications
12444 Powerscourt Drive, Suite 140
Saint Louis, MO 63131

**RE:** Process Served in Virginia

**FOR:** Cebridge Connections, LLC (Assumed Name) (Domestic State: DE)
Cebridge Acquisition, LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Millennium TGA, Inc., Pltf. vs. John Doe, Dft. // To: Cebridge Connections, LLC, etc. |
| **DOCUMENT(S) SERVED:** | Letter, Subpoena, Attachment(s), Order |
| **COURT/AGENCY:** | United States District Court for the District of Columbia, DC
Case # 411CV04501 |
| **NATURE OF ACTION:** | Subpoena - Phone records - Pertaining to several IP addresses listed in document |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/16/2012 at 13:15 |
| **JURISDICTION SERVED:** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | 5/4/2012 at 10:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Paul Duffy
Prenda Law, Inc.
161 N. Clark St.
Suite 3200
Chicago, IL 60601
312-880-9160 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/17/2012, Expected Purge Date: 02/22/2012
Image SOP
Email Notification, Craig Rosenthal craig.rosenthal@suddenlink.com
Email Notification, Amy Brown amy.brown@suddenlink.com
Email Notification, Laberta Lewis laberta.lewis@suddenlink.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tinika Baylor |
| **ADDRESS:** | 4701 Cox Road
Suite 301
Glen Allen, VA 23060 |
| **TELEPHONE:** | 804-217-7255 |

Page 1 of 1 / TB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# Prenda Law Inc.
Protecting Intellectual Property

February 15, 2012

**Via Hand Delivery**

    Re:   *MILLENNIUM TGA, INC. v. JOHN DOE*
             4:11-cv-04501

Dear Custodian of Records:

    Enclosed, please find a subpoena and attachment issued in the above-referenced matter, which is currently pending in the United States District Court for the Southern District of Texas, Houston Division. Specifically, our client is requesting identifying information with respect to subscriber(s) who were associated with IP addresses controlled by your organization at a given date and time. In our subpoena, we have included the IP address, Time, and Time Zone in our search requests.

    We regularly receive requests from Internet Service Providers for electronic copies of the enclosed documents, which we are pleased to fulfill. To receive these documents please e-mail your request to our office at the following e-mail address:

        subpoena@wefightpiracy.com

    If you have any other questions or concerns regarding this request please direct them to the above e-mail address or feel free to call our offices directly at 312-344-3207. We will do everything in our power to minimize the burden imposed on your organization associated with our request.

Sincerely,

*Prenda Law Inc. Subpoena Team*

Fax: 312.893.5677    161 N Clark St., Suite 3200, Chicago, IL 60601    Tel: 312.880.9160
Fax: 305.748.2103    1111 Lincoln Rd., Suite 400, Miami Beach, FL 33139    Tel: 305.397.8558

www.wefightpiracy.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| MILLENNIUM TGA, INC. *Plaintiff* <br> v. <br> JOHN DOE *Defendant* | ) ) ) ) ) ) ) Civil Action No. 4:11-cv-04501 <br> (If the action is pending in another district, state where: <br> Southern District of Texas ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records; Cebridge Connections, LLC d/b/a Suddenlink Communications c/o C T Corporation System; 4701 Cox Rd. St. 301, Glen Allen, VA 23060-6802

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, and e-mail addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Prenda Law <br> 2100 M St. Northwest, Ste 170-417 <br> Washington DC 20037-1233 | Date and Time: <br> 05/04/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 02/15/2012

_____          OR          _____
*CLERK OF COURT*                                        *Attorney's signature*
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Millennium TGA, Inc. _____, who issues or requests this subpoena, are:

Paul Duffy; Prenda Law, Inc.; 161 N. Clark St. Suite 3200, Chicago IL 60601; paduffy@wefightpiracy.com; (312) 880-9160

## SUBPOENA ATTACHMENT

The times listed below are in Coordinated Universal Time (UTC)

| IP Address | Date/Time (UTC) |
|---|---|
| 173.218.80.33 | 2011-10-29 20:59:54 |
| 173.80.29.180 | 2011-11-23 01:27:44 |
| 209.33.1.69 | 2011-11-28 18:42:15 |
| 24.121.104.173 | 2011-10-28 05:26:30 |
| 24.32.68.103 | 2011-11-05 15:29:50 |
| 74.192.11.237 | 2011-10-13 02:27:21 |
| 74.192.247.135 | 2011-11-18 02:35:18 |
| 74.195.126.31 | 2011-11-08 00:25:48 |
| 74.197.212.119 | 2011-11-19 08:21:49 |
| 74.197.79.253 | 2011-10-10 23:59:40 |

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Case 1:12-mc-00357-JMF   Document 4-1   Filed 07/12/12   Page 6 of 8
Case 4:11-cv-04501   Document 6   Filed in TXSD on 02/09/12   Page 1 of 3
Case 4:11-cv-04501   Document 2-2   Filed in TXSD on 12/21/11   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | CASE NO. 4:11-cv-4501 |
| Plaintiff, | |
| | Judge: |
| v. | |
| | Magistrate Judge: |
| JOHN DOE, | |
| Defendant. | |

[✗] ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO TAKE EXPEDITED DISCOVERY

The Court has reviewed the Complaint with attached Exhibits, Plaintiff's Motion for Leave to Take Expedited Discovery, the attached Declaration of Peter Hansmeier filed in support thereof, and relevant case law. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Leave to Take Expedited Discovery is GRANTED.

2. Plaintiff may immediately serve each of the Internet Service Providers ("ISPs") listed in Exhibits A and B to the Complaint with a subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, email address, ~~for~~ John Doe and each of his co-conspirators to whom the ISP assigned an Internet Protocol ("IP") address.

Case 1:12-mc-00357-JMF   Document 4-1   Filed 07/12/12   Page 7 of 8
Case 4:11-cv-04501   Document 6   Filed in TXSD on 02/09/12   Page 2 of 3
Case 4:11-cv-04501   Document 2-2   Filed in TXSD on 12/21/11   Page 2 of 3

3.  Plaintiff may also serve a subpoena in the same manner as above on any ISP that is identified in response to a subpoena as a provider of internet services to one John Doe or his co-conspirators.

4.  Each of the ISPs that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons:
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[,]

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[,]

by sending a copy of this Order to the Internet subscribers of whom identifying information is sought. Each ISP will have thirty (30) days from the date a copy of this Order and a copy of the subpoena are served to respond, so that it may have sufficient time to provide this notice to the subscribers.

5.  Subscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions in this Court to contest the subpoena. If the thirty-day period lapses without a contest, the ISPs will have ten (10) day thereafter to produce the information in response to the subpoena to Plaintiff.

6.  The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve

Case 1:12-mc-00357-JMF   Document 4-1   Filed 07/12/12   Page 8 of 8
Case 4:11-cv-04501   Document 6   Filed in TXSD on 02/09/12   Page 3 of 3
Case 4:11-cv-04501   Document 2-2   Filed in TXSD on 12/21/11   Page 3 of 3

to the same individual, or for an IP address that does not provide the name of a unique individual or for the ISP's internal cost to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

7. Plaintiff may only use the information disclosed in response to a subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

DATE: Feb. 9, 2012

DISTRICT COURT JUDGE