IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLENNIUM TGA, INC., <br><br> *Plaintiff*, <br> v. <br><br> JOHN DOE, <br><br> *Defendant*. | No. 1:12-mc-00357 (BAH) <br><br> [Underlying civil action pending in the U.S. District Court for the Southern District of Texas, No. 4:11-cv-4501] |

**NOTICE OF RELATED CASE AND REQUEST FOR REASSIGNMENT**

Pursuant to Local Rule 40.5, non-party Cequel III Communications II, LLC d/b/a Cebridge Connections ("Cebridge"), by and through counsel, hereby submits this Notice of Related Case and respectfully requests transfer of the above-captioned miscellaneous proceeding to Judge Robert L. Wilkins, who has been assigned to three of Plaintiff's previously filed dockets asserting nearly identical claims. In support thereof, Cequel states as follows:

1. On December 7, 2012, Millennium TGA, Inc. ("Millennium"), Plaintiff herein, filed a complaint captioned *Millennium TGA, Inc. v. Does 1-939*, No. 1:11-cv-02176-RLW, in this Court (hereinafter "*Millennium TGA I*"). The action was assigned to Judge Wilkins. Millennium voluntarily dismissed that action one week later on December 16, 2012.[1] (*See* Ex. A, *Millennium TGA I* Docket Sheet.)

---

[1] Plaintiff voluntarily dismissed *Millennium TGA I* to avoid being in front of Judge Wilkins who had earlier denied a copyright infringement plaintiff's motion for an *ex parte* discovery order. *Nu Image, Inc. v. Does 1-23*, 799 F. Supp. 2d 34 (D.D.C. 2011). In *Nu Image*, Judge Wilkins analyzed a discovery request to authorize subpoenas on multiple ISPs to obtain the identifying information for various IP addresses alleged to have been used to illegally download copyrighted works. The IP addresses were for a multitude of subscribers not resident in this district and, with a non-resident plaintiff, Judge Wilkins found no good grounds to assert jurisdiction or venue in

2. Thereafter, on December 20, 2012, Millennium re-filed essentially the same complaint in the United States District Court for the Southern District of Texas, as *Millennium TGA, Inc. v. John Doe*, 4:11-cv-4501 (hereinafter "*Millennium TGA II*"). As explained below, the complaint in *Millennium TGA II* involves **nearly identical** parties, facts and claims as the previously dismissed complaint in *Millennium TGA I*. (*Compare* Ex. B, *Millenium TGA I* Compl. *with* Ex. C, *Millenium TGA II* Compl.) In *Millennium TGA II*, the caption lists only one "Doe Defendant" but alleges that there are 938 unnamed Doe co-conspirators, whose identities Plaintiff seeks in discovery. These 939 Does are the exact same Does in *Millennium TGA I* who allegedly downloaded the same movie over the same periods of time.

3. Although *Millennium TGA II* is pending in the Southern District in Texas, Millennium served a subpoena on Cequel and other ISPs, including Comcast Cable Communications LLC ("Comcast"), in the District of Columbia. Cequel and Comcast objected to the subpoena and Millennium commenced a miscellaneous proceeding to resolve a motion to compel Comcast's compliance. That miscellaneous action was filed by Millennium on March 7, 2012, and was initially assigned to Judge Ellen S. Huvelle. *Millennium TGA v. Comcast*, No. 12-mc-00150 ("*Millennium TGA III*")

4. Also on March 7, 2012, Millennium submitted to this Court a Notice of Designation of Related Civil Cases Pending In This or Any Other United States Court, pursuant

---

D.C. pursuant to 28 U.S.C. § 1400(a). Judge Wilkins required the *Nu Image* plaintiff to make a prima facie evidentiary showing that all Doe defendants were likely to reside in this district – before serving subpoenas on the ISPs – on the grounds that it would comport with fundamental notions of fairness and would not impose any real burden on plaintiff, given the "geolocation services that are generally available to the public to derive the approximate location of the IP addresses identified for each putative defendant." *Id.* at 37-42. Judge Wilkins stated that Millennium's desire to avoid this precedent was a "very likely explanation for Millennium's dismissal" in the Court's June 25, 2012 Memorandum Opinion denying Millennium's motion to compel compliance with subpoena in *Millennium TGA III*. *Millennium TGA III*, 2012 WL 2371426, at *1 (D.D.C. June 25, 2012).

to Local Rule 40.5(b)(2).  (*Millennium TGA III*, Dkt. No. 2.)  In that notice, Millennium indicated that *Millennium TGA III* was related to *Millennium TGA II*, which it filed in the Southern District of Texas.  Counsel for Millennium did not notify the Court that it previously filed and voluntarily dismissed *Millennium TGA I* in this Court, which involved **nearly identical** parties, facts and claims.

5.      Due to Millennium's earlier filed action in this Court (*Millennium TGA I*), Comcast filed a motion to reassign the case to Judge Wilkins, which Judge Huvelle granted.  (*See Millennium TGA III*, Memorandum Opinion and Order, Dkt. No. 20).  Judge Huvelle determined that *Millennium TGA I* and *Millennium TGA III* were related cases under the local rules.  (*See Millennium TGA III*, Memorandum Opinion and Order, Dkt. No. 20 at 3 and n.4).  Judge Huvelle also described Millennium's actions as akin to "judge shopping."  (*Id*. at 3).[2]

6.      On June 25, 2012, after reassignment, Judge Wilkins issued a Memorandum Opinion and Order denying Millennium's motion to compel Comcast's compliance with its subpoena and modifying the subpoena.  (*Millennium TGA III*, Dkt. No. 27 (2012 WL 2371426) and Dkt. No. 28).  Thereafter, and apparently undeterred, on June 28, 2012, Millennium filed yet another motion to compel Comcast's compliance with the same subpoena in *Millennium TGA, Inc. v. Doe*, No. 1:12-mc-00355 (hereinafter "*Millennium TGA IV*"), which was initially assigned to Judge Huvelle.  On July 6, Judge Huvelle *sua sponte* reassigned the proceeding to Judge Wilkins pursuant to Local Rule 40.5(b)(2) for failure to list all "related cases" on the civil cover sheet at the time of filing its action.  (*See Millennium TGA IV*, Dkt. No. 4).  Not surprisingly,

---

[2] In his Memorandum Opinion denying Millennium's first motion to compel Comcast's compliance with its subpoena in *Millennium TGA III*, Judge Wilkins stated that he "could not agree more" with Judge Huvelle's finding that Millennium engaged in "judge shopping." *Millennium TGA III*, 2012 WL 2371426, at *2.

3

Millennium filed a notice of voluntary dismissal of that case claiming its filing was an "administrative error."  (*See Millennium TGA IV*, Dkt. No. 6).

7. Also on June 28, 2012, again apparently undeterred, Millennium filed a "Motion to Compel Compliance with Subpoena" seeking an order compelling Cequel to produce documents in response to a subpoena related to the same underlying claims at issue in *Millennium TGA I*, *Millennium TGA II*, *Millennium TGA III*, and *Millennium TGA IV*.[3] Millennium's newest proceeding was docketed as Miscellaneous Action 12-0357 (hereinafter "*Millennium TGA V*").  Millennium submitted to this Court a Notice of Designation of Related Civil Cases Pending In This or Any Other United States Court, pursuant to Local Rule 40.5(b)(2).  (*Millennium TGA V*, Dkt. No. 2.)  In that notice, Millennium indicated that *Millennium TGA V* was only related to *Millennium TGA II*, the underlying action in the Southern District of Texas.  Counsel for Millennium did not notify the court that it previously filed and voluntarily dismissed *Millennium TGA I* in this Court, which involved **nearly identical** parties, facts and claims.  Nor did Millennium notify the Court of two other related dockets, *Millennium TGA III* and *Millennium TGA IV* that each had a caption indicating the same underlying civil action in the Southern District of Texas.[4]

8. Local Rule 40.5(a)(4) defines a related case and explains that "cases whether criminal or civil, **including miscellaneous**, shall be deemed related **where a case is dismissed**,

---

[3] To date, Millennium has not served Cequel with its motion, in violation of Local Rule 5.4(d).

[4] The Notice of Related Case filed here is also unsigned, and is therefore not properly executed. *Compare* Dkt. No. 2 *with Millennium TGA III*, 2012 WL 2371426, at *2, *8 n. 2 ("Plaintiff did not list the prior case filed in this district as a related case … Significantly, counsel failed to sign the Notice of Related Case, as required by the Notice and by the federal rules. Dkt. No. 2. Given the omission, perhaps this was not a coincidental oversight.") *and with First Time Videos, LLC v. Does 1-56*, Minute Order ("The Notice of Related Case filed at Docket No. 2 is hereby STRICKEN because it is unsigned. Plaintiff is ordered to submit a properly executed Notice of Related Case form by no later than 5:00 PM on July 13, 2012.  Signed by Judge Robert L. Wilkins on 7/9/2012. (tcb) (Entered: 07/09/2012)").

4

with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." (Emphasis added).

9.  Pursuant to Local Rule 40.5(a)(4) the instant miscellaneous proceeding is related to the dismissed *Millennium TGA I* proceeding, as well as *Millennium TGA III* and *Millennium TGA IV*.  First, the *Millennium TGA II* proceeding, which underlies the subpoena at issue in this miscellaneous docket (and the *Millennium TGA III* and *Millennium TGA IV* dockets), involves the same parties as the *Millennium TGA I* proceeding because (1) the plaintiffs in each proceeding are Millennium; and (2) the John Doe alleged "co-conspirators" in *Millennium TGA II* share the same IP addresses as the John Doe defendants in *Millennium TGA I*.  (*Compare* Ex. B, *Millennium TGA I* Compl. at Ex. A (chart of Doe defendants) *with* Ex. C, *Millennium TGA II* Compl. at Ex. B (chart of Doe co-conspirators).)  Second, both *Millennium TGA I* and *Millennium TGA II* relate to the same subject matter – Millennium's allegations that the copyright for its work, the adult video "Shemale Yum – Jenna Comes A'Knocking!", has been infringed through the use of the BitTorrent file sharing protocol.

10. Local Rule 40.5(c)(2) requires that, "[w]here the existence of related cases in this court is revealed after the cases are assigned, the judge having the later-numbered case may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case."  *See also Millennium TGA III*, Memorandum Opinion and Order, Dkt. No. 20 at 3, n. 4 ("Millennium cannot evade this district's related-case rule on grounds that this action is captioned as a miscellaneous matter and pertains to Millennium's efforts to enforce compliance with a subpoena.").

11. In accordance with Local Rule 40.5(c)(2), Comcast respectfully requests that the instant miscellaneous proceeding be transferred for reassignment to Judge Wilkins, who was

assigned to the earlier-filed and related *Millennium TGA I* proceeding, and to whom *Millennium TGA III* and *Millennium TGA IV* were reassigned pursuant to the same rule.

Dated:  July 12, 2012

                                              Respectfully submitted,

                                              /s/ *John D. Seiver*
                                              John D. Seiver
                                              Leslie G. Moylan
                                              Lisa B. Zycherman
                                              **DAVIS WRIGHT TREMAINE LLP**
                                              1919 Pennsylvania Ave., N.W., Suite 800
                                              Washington, DC 20006
                                              (202) 973-4200

                                              *Counsel for Non-Party Comcast Cable Communications Management, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of July 2012, true and correct copies of the foregoing document was served via ECF and U.S. Mail upon all counsel of record:

Paul A. Duffy
John L. Steele (*pro hac vice*)
PRENDA LAW INC.
161 N. Clark Street
Suite 3200
Chicago, IL 60601
(312) 880-9160
Fax: (312) 893-5677
Email: paduffy@wefightpiracy.com

              /s/ *John D. Seiver*
              John D. Seiver