UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLENNIUM TGA, INC., ) | |
| ) | CASE NO.   1:12-mc-00357-BAH |
| Petitioner, ) | |
| ) | Judge: Honorable Beryl A. Howell |
| v. ) | |
| ) | |
| CEBRIDGE CONNECTIONS, LLC, ) | [Case pending in the U.S. District Court |
| ) | for the Southern District of Texas |
| Respondent. ) | No. 4:11-cv-4501] |
| _____) | |

**PETITIONER'S RESPONSE TO NOTICE OF RELATED CASE AND REQUEST FOR REASSIGNMENT**

Respondent Cequel III Communications II, LLC d/b/a Cebridge Connections ("Cebridge") filed a notice of related case and request for reassignment. (ECF No. 5.) Cebridge requests "transfer of the above-captioned miscellaneous proceeding to Judge Robert L. Wilkins" in *Millennium TGA Inc. v. Does 1-939*, No. 11-02176-RLW (D.D.C. 2011) (hereinafter "*Millennium TGA I*") (ECF No. 5 at 1.) Because *Millennium TGA I* has been dismissed (*see* ECF No. 5 ¶ 1), the subsequently-filed miscellaneous case may be deemed to be related only if the case "involv[es] the same parties and relat[es] to the same subject matter." Local Civil Rule 40.5(a)(4). This miscellaneous action does not involve the same parties as *Millennium TGA I*. Further, even if this miscellaneous action was related to *Millennium TGA I*, it could only be reassigned on a finding of "good cause." Local Civil Rule 40.5(c)(2). Cebridge has made no good cause showing. (*See generally* ECF No. 5.) The cases, therefore, cannot be deemed to be related.

1

**ARGUMENT**

This brief consists of four parts. Part I argues that this action does not involve the same parties as *Millennium TGA I*. Part II argues that good cause does not exist for the reassignment of the action. Part III identifies critical factual errors in a prior reassignment order. Part IV demonstrates how reassignment would undermine Congressional intent.

### I. THE INSTANT MISCELLANEOUS ACTION DOES NOT INVOLVE THE SAME PARTIES AS *MILLENNIUM TGA I*

Local Civil Rule 40.5(a)(4) requires that when a case has been dismissed, subsequently filed cases shall be deemed related only if the case "involv[es] the same parties and relat[es] to the same subject matter." *Millennium TGA I* was brought against "Does 1-939," while the underlying case to this miscellaneous action was brought against "John Doe." *Millennium TGA, Inc. v. John Doe*, No 11-4501 (S.D. Tex. 2011) (hereinafter "*Millennium TGA II*"). Axiomatically, Does 1-939 are not the same parties as John Doe. Cebridge argues that *Millennium TGA II* involves 938 of John Doe's joint tortfeasors and that John Doe and the 938 joint tortfeasors are the same as the 939 Does involved in *Millennium TGA I*. (ECF No. 5 ¶ 2.) As a matter of law, the 938 joint tortfeasors are not parties to the underlying action. Mere status as "a party in interest" does not satisfy the identity of parties requirement of Rule 40.5(a)(4). *Dale v. Executive Office of President*, 121 F.Supp.2d 35, 37 (D.D.C. 2000) ("Furthermore, the court has adopted a strict position that 'the same parties' means identical parties, not parties in interest.") (quoting *Thomas v. National Football League Players Ass'n,* 1992 WL 43121, *1 (D.D.C.1992)). According to the plain language of this District's Local Rules, this miscellaneous action and *Millennium TGA I* are not related.

II. **GOOD CAUSE DOES NOT EXIST FOR THE REASSIGNMENT OF THE ACTION**

Local Civil Rule 40.5(c)(2) explains that even if cases are determined to be related they should only be reassigned if "good cause exists" for the transfer. Cebridge makes no such showing. Instead, Cebridge explains that the Honorable Judge Wilkins issued an order in *Nu Image, Inc. v. Does 1-23*, 799 F. Supp.2d 34 (D.D.C. 2011), in which he denied a motion for discovery in an action in which a party sought Internet service providers' subscribers' identities. (ECF No. 5 ¶ 1 n 1.) However, Plaintiff has already been granted leave to serve subscriber-identifying subpoenas. The issue in this miscellaneous action is whether a nonparty may avoid compliance with Plaintiff's subpoena.

In a dose of irony, Cebridge accuses Plaintiff of "judge shopping." (ECF No. 5 ¶ 5.) Yet, it is Cebridge that is trying to gain the assignment of a specific judge. In filing its miscellaneous action, Plaintiff submitted itself to this District's random judge assignment process. If Plaintiff were trying to avoid assignment to Judge Wilkins at all costs, it would simply have issued its subpoenas from another federal judicial district.

III. **THE HONORABLE JUDGE HUVELLE'S REASSIGNMENT OF A SIMILAR MISCELLANEOUS ACTION WAS PREMISED ON FACTUAL ERRORS**

The Honorable Judge Huvelle reassigned a similar action—a motion to compel compliance with a subpoena from the same underlying action—based on her finding that the miscellaneous action was related to *Millennium TGA I*. Judge Huvelle's findings, though, contained two critical factual errors. First, Judge Huvelle found that the parties in both cases were the same. This is quite plainly an error, as explained in Part I, *supra*. Further, Judge Huvelle found that the claims in both cases were identical. This too is an error. In *Millennium TGA I*, Plaintiff's sole claim was direct infringement. The Texas action added a claim for civil conspiracy. This Court should take judicial notice of these factual discrepancies.

### IV. REASSIGNMENT IN CONTRAVENTION OF THE PLAIN LANGUAGE OF THE LOCAL RULES UNDERMINES CONGRESSIONAL INTENT

Federal Rule of Civil Procedure 41(a)(1)(A)(i) grants plaintiffs an unconditional right to dismiss a case before the opposing party serves an answer or motion for summary judgment. *See In re Matthews*, 395 F.3d 477, 482 (4th Cir. 2005). Plaintiffs are not required to make any showing before invoking the rule. Yet, Cebridge argues that the Court should draw a negative inference from Plaintiff's original dismissal. There are many reasons—many of them treading into the privileged realm between attorney and client—why a copyright holder that is pursuing a joint action against several Doe defendants may learn information about a particular Doe defendant and choose to focus on that particular defendant. Congress did not require plaintiffs to divulge their litigation strategy. Nor should this Court suspend the local rules because Plaintiff is unwilling to break privilege.

### CONCLUSION

The Court should deny Cebridge's request to deem *Millenniuim TGA I* and *Millennium TGA II* to be related and request to for reassignment. The underlying action does not involve the same parties as *Millennium TGA I*. The underlying action does not involve the same subject matter as *Millennium TGA I*. Good cause does not exist for the reassignment of the action.

[intentionally left blank]

Respectfully submitted,

MILLENNIUM TGA, INC.

**DATED**: July 16, 2012

By: <u>/s/ Paul A. Duffy</u>
Paul A. Duffy, Esq. (D.C. Bar Number: IL0014)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile:   (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Counsel for the Petitioner*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on July 16, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                                           /s/ Paul A. Duffy
                                                           PAUL A. DUFFY